# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01457-LTB-KLM

JANICE NAEGLE,

      Plaintiff,

v.

ANIMAS SURGICAL HOSPITAL, LLC, a Delaware LLC,

      Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Under Fed. R. Civ. P. 26(c), and  in consideration of the parties' stipulation for a Protective Order concerning confidential information, as defined by law, disclosed and/or to be disclosed during discovery in this matter, and it appearing to the Court that sufficient cause exists for the issuance of a Protective Order, it is

ORDERED as follows:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to this Order.

2. As used in this Protective Order, "document" is defined as provided by Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. One who provides, serves, discloses or files any nonpublic documents or information in connection with this civil action, and who in good faith believes such documents or information contain nonpublic personal, employment, financial, proprietary and/or trade secret information, or otherwise implicate the privacy interests of plaintiff, defendant, or third parties, may designate such documents or information as "Confidential." The documents or information so designated shall be deemed "Confidential Material" subject to this Protective Order. In addition, any such information obtained from third parties, *via subpoena* or other means, may also be deemed "confidential" by the above method of designation. In order to facilitate review of documents obtained by third parties for confidentiality, the obtaining party shall forward documents obtained from a third party within ten (10) business days to the opposing party.

4. Confidential Material shall be subject to the following restrictions. Confidential Material shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except those specified in this paragraph:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

(c) the parties and employees of the parties having a legitimate litigation need to review Confidential Material;

(d) witnesses or potential witnesses;

2

(e) outside copy/graphics services;

(f) the Court and its employees ("Court Personnel");

(g) court reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(h) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(i) other persons by written agreement of the parties who execute the attached Exhibit A.

5. Prior to disclosing any Confidential Material to any person set forth in Sections 4(h)-(i) above, counsel shall provide such person with a copy of this Protective Order and have such person execute a copy of Exhibit A acknowledging that he or she has read this Protective Order and agreed to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel. With respect to those listed in Section 4(a)-(e) above, no Confidential Material shall be disclosed before the recipient/reviewer is advised that the Confidential Material is confidential and is to be held in the strictest confidence and not to be further used or disclosed except as expressly authorized for the purpose of this litigation.

6. This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial; however, any redisclosure or communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is strictly prohibited. The object of this Protective Order is that none of the information revealed in connection with such

3

protections be used for any purpose other than in relation to this litigation and that no one be allowed to use any information produced pursuant to this order in connection with any other issue, dispute, litigation or charge against any of the parties whether currently pending or contemplated in the future.

7.  No reproduction of information disclosed in reliance on this Protective Order is authorized, except to the extent that copies are required to prepare the case for trial.  All copies, excerpts, or summaries made, shown, or given to those authorized hereby and according to the provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information.  Review of Confidential Material by counsel, experts or consultants for the litigation will not constitute any waiver of the confidentiality of the document or of any objections to production.  The inadvertent, unintentional or *in camera* disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

8.  Counsel to the parties are required to advise, instruct and supervise all associates, staff and employees of counsel to keep designated Confidential Material confidential in the strictest possible fashion.  Counsel and the parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this order and the limitations on its use and disclosure.

9.  Documents are designated as Confidential Material by placing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

10. Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof shall be designated as Confidential and subject to this Protective Order.

4

Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. The cover page and those portions of the original transcripts that contain confidential material shall bear the legend "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER."

11. A party may object to the designation of particular documents as Confidential Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which objection is made. If the parties cannot resolve the objection within fifteen (15) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to ~~file~~ make an appropriate motion, *pursuant to MJ Mix's discovery procedures,* within twenty-five (25) business days after the notice of objection is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely ~~filed~~ made, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to ~~file~~ make such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with any motion ~~filed~~ made under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

5

12. At the conclusion of this case, including appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as confidential shall be returned to the party that designated it confidential, or the parties may mutually agree to destroy confidential documents.

13. Stamped confidential documents may be filed with the clerk, such as when required in connection with motions under Federal Rules of Civil Procedure 56, motions to determine confidentiality under the terms of this Protective Order, and motions related to discovery disputes if the confidential documents are relevant to the motion. **A party contemplating filing Confidential Material protected by this Protective Order to the Court under seal must comply with D.C. COLO.LCivR 7.2.**

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

15. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought. This Protective Order shall have no effect upon, and its scope shall not extend to, any party's use of his, her, or its own Confidential Information (unless such information is also deemed Confidential Information by another party).

16. In any related proceeding between the parties that may arise in a different tribunal, the parties agree to endeavor in good faith to seek a stipulated protective order in that tribunal substantially in the form of this Protective Order to protect the Confidential Information in the related proceeding.

17. The parties further affirm their responsibilities, independent of the provisions of this

Protective Order, regarding redaction of personal information pursuant to Fed. R. Civ.

P. 5.2.


Dated this _12_ day of November 2015.

BY THE COURT:


_____

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

STIPULATED TO AND SUBMITTED TO THE COURT FOR APPROVAL BY:


s/ Anthony D. Edwards                          s/ Douglas R. Ware

Anthony D. Edwards                             Douglas R. Ware
San Juan Law Office, L.L.C.                    Douglas R. Ware, LLC
1338 Greene Street, Box 228                    10 Town Plaza #460
Silverton, CO  81433                           Durango, CO  81301
Phone: (970) 387-5210                          Phone:  (970) 375-7803
FAX:  (303) 583-9580                           FAX:  (303) 484-2950
Email:  Anthony.edwards@sjlollc.com            Email:  doug@warelaw.net
*Attorney for Plaintiff Janice L. Naegle*      *Attorney for Defendant Animas Surgical Hospital,*
                                               *LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01457-LTB-KLM

JANICE NAEGLE,

      Plaintiff,

v.

ANIMAS SURGICAL HOSPITAL, LLC, a Delaware LLC,

      Defendant.

---

### EXHIBIT A TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT

---

    I, _____ , the undersigned, being duly sworn, hereby acknowledge that I have read the Protective Order issued by the Court in the above captioned civil action and I understand the terms and conditions of such Protective Order governing the restricted use of information and materials obtained from the Parties and provided to me for the sole purposes of the above captioned action, and hereby agree to keep all such information and materials strictly and absolutely confidential, and in all other respects to be bound by the terms of the Protective Order.

    My current address and telephone number are:

                                        _____

                                        _____

STATE of _____ )

                          ) ss.

COUNTY of_____ )

       The foregoing Confidentiality Agreement was sworn and acknowledged to before me by _____ on this day of_____ , 201__.

     Witness my hand and official seal:

                                        _____

                                        Notary Public

     My commission expires: